NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RACHAUN BLOUNT, DOC# H45167,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No. 2D17-1949
STATE OF FLORIDA,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
_____)

Opinion filed February 28, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; J. Kevin Abdoney, Judge.

Anthony M. Candela of Candela Law
Firm, P.A., Riverview, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes,
Assistant Attorney General, Tampa, for
Appellee.

PER CURIAM.

⠀⠀⠀⠀⠀⠀Rachaun Blount appeals an order denying his motion to correct illegal

sentence under Florida Rule of Criminal Procedure 3.800(a), in which he argued that he

was entitled to resentencing with respect to his forty-year concurrent sentences for

nonhomicide offenses that he committed when he was sixteen years old.  The State

correctly concedes that Mr. Blount is entitled to resentencing, and we reverse the order denying Mr. Blount's motion and remand for resentencing under the new juvenile sentencing guidelines[1] in accordance with <u>Johnson v. State</u>, 215 So. 3d 1237 (Fla. 2017), and <u>Mosier v. State</u>, 42 Fla. L. Weekly D2181 (Fla. 2d DCA Oct. 13, 2017).

Reversed and remanded.

KHOUZAM, MORRIS, and SLEET, JJ., Concur.

---

[1]Ch. 2014-220, §§ 1-3, at 2869-75, Laws of Fla., codified at §§ 775.082, 921.1401, 921.1402, Fla. Stat. (2014).